# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MICHAEL J. LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 2:18-CV-61-TLS |
| vs. | ) |
| | ) |
| DITECH FINANCIAL LLC, | ) |
| F/K/A GREEN TREE | ) |
| SERVICING LLC; DOES | ) |
| 1 through 10, Inclusive | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant Ditech Financial LLC, F/K/A Green Tree Servicing LLC's Motion to Dismiss, filed on March 6, 2018. [ECF No. 6]. The Plaintiff, Michael Lopez, proceeding pro se, filed a Complaint in this matter on February 12, 2018. [ECF No. 1]. He alleges that the Defendant improperly refused to modify his mortgage which resulted in foreclosure and, ultimately, the sale of his property following a state court proceeding. The Complaint alleges four causes of action: fraud (Count 1); misrepresentation (Count 2); violation of Indiana Code § 24-5-0.5-1 (Count 3); and negligence (Count 4).

The Defendant filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 6]. Under 12(b)(1), the Defendant argues the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over the Plaintiff's Complaint, because the requested relief would require the Court to disrupt a final judgment of the state court. For the reasons set forth below, the Motion to Dismiss is GRANTED and the case is DISMISSED for LACK OF SUBJECT MATTER JURISDICTION.

**BACKGROUND**

The Plaintiff procured a residential mortgage loan for the real property located at 1197 Auburn Meadow Lane in Schererville, Indiana 46375. On February 18, 2010, the mortgage was assigned to the Defendant. [ECF No. 7-2].[1] The Plaintiff defaulted under the terms of the mortgage and the Defendant filed a Foreclosure Complaint in the Lake County Superior Court on May 11, 2015, Cause No. 45D10-1505-MF-00108. Despite being properly served, the Plaintiff never appeared or answered the Complaint and on January 8, 2016, the Lake County Superior Court entered a Summary Judgment of Foreclosure in favor of Ditech. [ECF No. 7-1]. The Plaintiff did not appeal the decision.

On July 31, 2017, the Plaintiff filed for Chapter 7 bankruptcy protection. On September 13, 2017, the Plaintiff asked the Defendant for mortgage assistance. On November 11, 2017, the Defendant informed the Plaintiff his request was denied, because the Defendant had not received a complete request package. The Plaintiff alleges that the Defendant's excuse was a misrepresentation, because he was diligent in submitting all necessary documentation. The Plaintiff also alleges that the Defendant refused to postpone the foreclosure sale despite possessing a full package for modification review.

On January 5, 2018, the property at issue was sold to the Federal National Mortgage Association "pursuant to [the] decree judgment" entered by the Lake County Superior Court. [ECF No. 7-3]. On February 12, 2018, the Plaintiff filed the instant action. [ECF No. 1].

---

[1] Because the Defendant is making a factual attack against jurisdiction, the Court may weigh evidence outside the pleadings. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

## DISCUSSION

Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and applies "even though the state court judgment might be erroneous or even unconstitutional." *Gilbert*, 591 F.3d at 900 (citations and quotation marks omitted). The doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker–Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." *Id.* (quoting *Taylor*, 374 F.3d at 533). Although the Seventh Circuit has described the inextricably intertwined inquiry as "a somewhat metaphysical concept," a district court must determine whether it "is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533 (quotation marks omitted). "In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

The *Rooker-Feldman* doctrine bars the Plaintiff's claims, because the Plaintiff's only alleged injury is the foreclosure sale, which resulted from the state court judgment. In his Complaint, the Plaintiff states that "[he] is being wrongfully deprived of an opportunity to pay his mortgage loans and save his home," that "[the Defendant] refused to postpone Plaintiff's sale date, although [the Defendant] was in possession of a full package for loan modification review," and that "[the Plaintiff] lost his home as a result of the mishandling of his requests." (*See* Compl., ECF No. 1 at page 2, and ¶¶ 17, 22.) The Plaintiff also "requests a rescission of the unwarranted foreclosure sale of Plaintiff's home" (*id.* at ¶ 1), and in his prayer for relief, requests a "rescission of any foreclosure sales of the Subject Property" (*id.* at 22, ¶ 3). At the conclusion of each of his first three counts, the Plaintiff claims damages as a result of "an unwarranted, unjustified, and illegal foreclosure." (*Id.* ¶¶ 35, 42, 49.) The Plaintiff also notes that he "made numerous mortgage payments towards a loan he could not afford," that he "has suffered the slander" of "illegitimate foreclosure proceedings . . . attributed to him and reported to credit reporting agencies and bureaus," and finally that his "mortgage account has been charged more than $15,000 in junk fees,[2] in addition to the compounded interest which has been applied to the loan unjustly." (*Id.* ¶¶ 35, 42, 49, 53.) Thus, the Complaint does not allege any injury other than the foreclosure and associated actions.

The Plaintiff is therefore asking this Court to overturn the state court's judgment, "an action we have no jurisdiction to take." *See Mains v. Citibank, N.A.*, 852 F.3d 669, 674–75 (7th Cir. 2017); *cf. Iqbal v. Patel*, 780 F.3d 728, 730–31 (7th Cir. 2015) ("[t]he reason a litigant gives

---

[2] To the extent the "junk fees" might be considered a separate injury, the amount would not meet the threshold for diversity jurisdiction, under which the Plaintiff brings this action.

4

for contesting the state court's decision cannot endow a federal district court with authority. . .").
The Plaintiff claims that *Rooker-Feldman* does not apply because he "[has brought] forth a number of independent claims that were not adjudicated in the state court. Namely, fraud, misrepresentation, violation of Indiana Code § 24-5-0.5-1, and negligence." (*See* Pl.'s Opp. to Def.'s Mot. to Dismiss, ECF No. 13 at 5.) The Plaintiff argues that, because the state court did not rule on these issues, *Rooker-Feldman* does not apply.

While the Plaintiff is correct that he does not appear to have raised these issues in state court, the claims are still "inextricably intertwined" with the state court judgment, because the only injury caused by the claims the Plaintiff alleges is the foreclosure. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (holding that *Rooker-Feldman* "required dismissal to the extent the [plaintiffs] complained of injury caused by the state-court judgment of foreclosure, as opposed to injury caused by the defendants' actions in enforcing the judgment") (*citing Taylor*, 374 F.3d at 532, (holding that requesting recovery of a foreclosed-upon home is "tantamount to a request to vacate the state court's judgment of foreclosure" and that such relief is barred by the *Rooker–Feldman* doctrine)). In essence, the Plaintiff raises his claims as a defense against the foreclosure; but state court is the place for such defenses. *See id.*; *cf. Crooks v. Household Fin. Corp. III*, No. 3:11-CV-221 RM, 2012 WL 691638, at *3 (N.D. Ind. Mar. 1, 2012) ("[The Plaintiff] hasn't alleged or set forth facts outside the scope of the foreclosure action . . . that would suggest his claims arose under circumstances separate and apart from the foreclosure judgment."); *see also Fincher v. South Bend Housing Auth.*, 612 F. Supp. 2d 1009, 1016 (N.D. Ind. 2009) (holding that because the eviction was the only injury alleged,

5

*Rooker-Feldman* barred jurisdiction, "as providing a remedy for [the Plaintiff's] eviction would require the review and rejection of the state court proceeding").

Having determined that the Plaintiff's claims are inextricably intertwined with the state court judgment, the Court "must then determine whether the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor*, 374 F.3d at 533–34 (internal quotation marks omitted). In the context of *Rooker-Feldman*, "factors independent of the actions of the opposing parties" may preclude a reasonable opportunity, *id*; claims are not barred if the state court imposed an insurmountable obstacle to adjudication or if a state law prevented the plaintiff from raising it in state court. *See Brokaw v. Weaver*, 305 F.3d 660, 667–68 (7th Cir. 2002) (*citing Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999)). However, the Plaintiff has alleged no such independent factors in his Complaint, nor in response to the Motion to Dismiss. "The plaintiff has the obligation to establish jurisdiction by competent proof." *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999) (citing *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)).

Because the Plaintiff's claims are inextricably intertwined with the state court's judgment of foreclosure, and he has not demonstrated that any barriers prevented the state court from considering his claims, the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction. As such, this Court need not reach whether the Plaintiff properly states a claim under Rule 12(b)(6) and Rule 8.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [ECF No. 6] is GRANTED and the case is DISMISSED for LACK OF SUBJECT MATTER JURISDICTION.

SO ORDERED on August 21, 2018.

 s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT